**SIU YUN CHANG, also known as Shu Yun Jiang, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–2555–ag.

United States Court of Appeals, Second Circuit.

Dec. 15, 2006.

Gary J. Yerman, New York, New York, for Petitioner.

Amul R. Thapapr, United States Attorney; Charles P. Wisdom, Jr., Appellate Chief; Andrew Sparks, Assistant United States Attorney, Lexington, Kentucky, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. JOSÉ A. CABRANES, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Siu Yun Chang, a native and citizen of the People's Republic of China, seeks review of a May 2, 2006 order of the BIA denying her motion to reopen proceedings. *In re Siu Yun Chang*, No. A 73 681 050 (B.I.A. May 2, 2006). The BIA had previously issued a decision on November 9, 2001 affirming the May 10, 2001 decision of Immigration Judge ("IJ") Bar-

bara A. Nelson denying Chang's prior motion to reopen. *In re Siu Yun Chang,* No. A 73 681 050 (B.I.A. Nov. 9, 2001), *aff'g* No. A 73 681 050 (Immig. Ct. N.Y. City May 10, 2001). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

■ Here, the BIA did not abuse its discretion in denying Chang's motion to reopen proceedings based on her failure to abide by the time and numerical limitations. The regulations permit only one motion to reopen removal proceedings, and the instant motion was the third motion to reopen filed by Chang, clearly exceeding the numerical bar. *See* 8 U.S.C. § 1229a(c)(7)(A) (2005); 8 C.F.R. § 1003.2(c)(2) (2005). Furthermore, Chang filed the motion over four years following the BIA's dismissal of her appeal, well beyond the ninety-day deadline. 8 U.S.C. § 1229a(c)(7)(C) (2005); 8 C.F.R § 1003.2(c)(2) (2005).

■ Moreover, Chang is not eligible for an exception to the numerical and time limitations, *see* 8 C.F.R. § 1003.2(c)(3)(ii), where the BIA properly determined that she did not demonstrate that conditions in China had changed materially for purposes of falling within the exception to these limitations. Both this Court and the BIA have concluded that uncorroborated, second-hand accounts of forced birth control

procedures, and the "Aird Affidavit" are inadequate to establish the existence of an official policy of forced sterilization by the Chinese government, and thus insufficient to show that applicants with two or more children are likely to face forced sterilization if returned to China. *See Jin Xiu Chen v. U.S. Dep't of Justice,* 468 F.3d 109, 110 (2d Cir.2006) (citing *Wei Guang Wang v. BIA,* 437 F.3d 270, 274–76 (2d Cir.2006) (finding that the Aird Affidavit was insufficient to establish the existence of a policy of forced sterilization in China); *Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir. 2005) (concluding that the petitioner's claim that he faced forced sterilization in China was "speculative at best" because he offered as support for his claim only his own uncorroborated testimony that his sister-in-law had been forcibly sterilized); and *In re C–C–,* 23 I. & N. Dec. 899, 903 (BIA 2006) (finding the Aird Affidavit insufficient to establish prima facie eligibility for relief on a claim of forced sterilization)).

■ In addition, the BIA appropriately determined that the change in Chang's personal circumstances encompassed by the birth of her three children, did not satisfy the exception to the time and number restrictions. *See Wei Guang Wang,* 437 F.3d at 273–74 (finding that changed personal circumstances are not included in the changed country conditions exception to the filing requirements of a motion to reopen).

■ Further, the BIA's exercise of discretion was appropriate, given the IJ's finding that Chang's second motion to reopen in 2001 was dilatory and given the BIA's dismissal of Chang's appeal from the denial of that second motion which was based on statutory amendments and a state of facts that preceded even Chang's first motion. *See id.* at 274 (emphasizing that an "apparent gaming of the system in an effort to avoid deportation is not toler-

ated by the existing regulatory scheme"). Thus, the BIA properly denied Chang's motion and provided adequate reasoning for doing so. *See Ke Zhen Zhao,* 265 F.3d at 93.

■ Lastly, this Court may not review Chang's CAT claim because she failed to exhaust it administratively below. *See* 8 U.S.C. § 1252(d); *Theodoropoulos v. INS,* 358 F.3d 162 (2d Cir.2002).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).